## (October 4, 1958)

In the Matter of FRANK A. PERFETTI, Appellant, against HOWARD T. NEHILL et al., Constituting the Board of Elections of the County of Rensselaer, et al., Respondents.

Petitioner appeals from an order of Rensselaer County Court denying his application to compel the Board of Elections of Rensselaer County to accept a certificate of his nomination as the candidate of the Liberal party for the office of alderman of the Second Ward of the City of Troy. On September 19, 1958, the incumbent of that office resigned. Appellant was nominated by the Democratic committee and respondent Marbot was nominated by the Republican committee as rival candidates for the vacant office. Certificates of these nominations were filed and accepted on September 22, 1958. On September 26, a certificate nominating appellant as the Liberal party candidate was rejected by the Board of Elections. On September 27 appellant served a certificate of acceptance of that nomination on the Commissioners of Election, and on September 29 filed said certificate in the office of the Board of Elections. The denial of the application by the court below was on the ground that the certificates in question were not filed within the time allowed by the statute.

Subdivision 7 of section 131 of the Election Law provides that a party nomination of a candidate for election to fill a vacancy that occurs after the time allowed for designation in the Fall primary shall be filled after the primary "by a majority of the members of the county committee * * * or by a majority of such other committee as the rules of the party may provide." It is not disputed that the rules of the Liberal party county committee provide that its executive committee shall make the nomination in the situation presented. Subdivision 13 of section 143 provides that a vacancy occurring before September 20 in any office to be filled at a general election shall be filled at the general election held next thereafter, with certain exceptions not here pertinent. Subdivision 5 thereof requires a certificate of party nomination for such an office to be filed not later than the 5th Tuesday preceding such election, which day fell this year on September 30. A certificate of acceptance thereof must be filed within three days after the last day for filing the certificate of nomination, that is on October 3 of this year.

Respondent argues that section 311, which requires the Board of Elections to determine the candidates who shall appear on military ballots on or before September 22, 1958, required the certificate of a party nomination to fill a vacancy to be filed before that date. Section 314 contains the time limitations applicable to the filing of certificates for the year 1958 but fails to specify the last day on which certificates of party nomination under subdivision 7 of section 131 may be filed. Subdivision 21 thereof provides, however, that if a vacancy described in subdivision 7 of section 131 occur too late to comply with the provisions "of this section" (of which there is, as we have said, no specific provision), the certificates of nomination shall be filed as soon as practicable. In view of the provision of section 311 that the failure to include the name of a nominee on the military ballot shall in no wise affect the validity of the election of a person to the office for which he was nominated, and of section 316 that the general provisions of the Election Law apply except as they are inconsistent with the provisions of article 12, we believe that the obvious intent of subdivision 21 of section 314 was that certificates of nomination of the type here in question could be filed later than the last day for determining nominees for purposes of military ballots. We, therefore, find the certificates for appellant's nomination by the Liberal party to have been timely filed.

Order reversed, on the law, and the relief prayed for in the petition granted, without costs.

Foster, P. J., Bergan, Herlihy and Reynolds, JJ., concur.